UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY SALES**, | ) | Case No.  5:05 CV 2716 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **JULIUS WILSON, WARDEN**, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

  Rodney Lee Sales (hereinafter "Sales") is a prisoner in state custody seeking habeas corpus relief under 28 U.S.C. §2254 from his convictions of rape and assault and sentence to 10 years imprisonment.  He unsuccessfully appealed from this conviction and sentence in state court. See *State v. Sales*, 2003 WL 1524616, 2003 - Ohio - 1477 (Ohio App. 9 Dist.), appeal not allowed, 99 Ohio St.3d 1513, 792 N.E.2d 200, 2003 - Ohio - 3957 (Table 2003).  While his direct appeal was pending, Sales initiated a state post-conviction review proceeding challenging trial counsel's effectiveness. This matter remained pending in the state courts through October 2007 (allowing for time to appeal to Ohio's Supreme Court, forty-five days following the state appellate court's August 15, 2007 denial. See Ohio S.Ct. Prac. R. II §2(A)).

  Notwithstanding the pending state post-conviction relief petition, on November 18, 2005 Sales filed his application for habeas corpus relief raising eight grounds.  Respondent answered maintaining that grounds one through five and eight were procedurally defaulted and should be dismissed. However, respondent believed that ground six which raised ineffective assistance of trial counsel was unexhausted because a state post-conviction proceeding was pending with the state trial court.  With respect to ground seven, respondent believed that since it raised a claim of ineffective

5:05 CV 2716                                                    2

assistance of appellate counsel, the remedy of delayed application to reopen appeal pursuant to Ohio R. App. P. 26(B), remained available to Sales.

Sales agreed in part with these arguments and his motion for stay pending ruling was granted (ECT #9, 10)..[1] The state trial court on October 30, 2006, did issue its final post-conviction decision supported with findings of fact and conclusions of law in Case No. CR. 2002-01-0178, and in November 2006, Sales filed his notice of appeal in Case CA 23498 in Ohio's Ninth District Court of Appeals. In that appeal he raised the following three assignments of error:

> I. THE LOWER COURT ABUSED ITS DISCRETION BY FAILING TO HAVE A HEARING ON THE OPERATIVE FACTS AS TO INEFFECTIVE ASSISTANCE OF COUNSEL ISSUES.
>
> II. THE TRIAL COURT BELOW ABUSED ITS DISCRETION BY NOT RECOGNIZING THAT THE "OPERATIVE FACTS" OF THE POST-CONVICTION RELIEF PETITION WAS SUFFICIENT TO INDICATE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY FAILING TO CONSIDER THE "TOTALITY OF THE EVIDENCE" INDICATING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(Appellate Brief 3-2-07 Case No. CA 23498 (Ohio App. 9th Dist.)); and see *State v. Sales*, 2007 WL 2317376 at ¶3, 2007 - Ohio - 4136 (Ohio App. 9 Dist.).

Ohio's Ninth District Court of Appeals denied Sales' petition for post-conviction relief on August 15, 2007. See *State v. Sales*, 2007 WL 2317376, 2007 - Ohio - 4136 (Ohio App. 9 Dist.) On

---

[1] Although counsel did not sign the application for habeas corpus relief, Sales has been represented both in federal court and in contemporaneous state proceedings by Attorney Robert T. Lynch.

5:05 CV 2716                                                  3

October 23, 2007, Sales filed a notice of resumption of suspended proceedings and the stay was lifted (ECF #11, 12). Judicial notice is further taken of the fact that no appeal has been taken from this state appellate decision to the Ohio Supreme Court..

*Grounds 1-5 and 8*:

In his direct appeal, Sales had argued that the verdict was against the manifest weight of the evidence, the trial court failed to follow sentencing guidelines, the trial court erred in adjudicating Sales as a sexual predator, and he raised a fourth claim exclusively to the Ohio Supreme Court of ineffective assistance of **appellate** counsel referencing *Groseclose v. Bell*, 130 F.3d 1161 (6th Cir. 1997). See *Sales*, 2003 WL 1524616 and respondent's Ex. 9 (ECF #8). Sales' recent assignments of error in his appeal from denial of post-conviction relief raise claims of the trial court's abuse of discretion and error. Respondent correctly maintains that the following six grounds (1-5 and 8) were never presented in state court and consequently federal review is barred:

> Ground 1: BRADY V. MARYLAND/FAVORABLE EVIDENCE EXCLUDED - Statement by Defendant was suppressed by police.
>
> Ground 2: BRADY V. MARYLAND/FAVORABLE EVIDENCE EXCLUDED - Testimony of [the victim] was coerced: testimony of Ron Brown was coerced.
>
> Ground 3: BRADY V. MARYLAND/FAVORABLE EVIDENCE EXCLUDED - Favorable evidence was heard outside of the presence of the jury.
>
> Ground 4: BRADY V. MARYLAND/FAVORABLE EVIDENCE EXCLUDED - Records and notes of police investigator were not made known to the jury.

5:05 CV 2716                                                          4

        Ground 5:     MEDICAL/EXPERT TESTIMONY SUPPRESSED
Per Ake v. Oklahoma, the court did not provide finances for a medical expert to review and testify about hospital records, medical events, evidence regarding [victim's] skin disease. DNA evidence was not researched, etc.

        Ground 8:     VIOLATION OF 14th AMENDMENT AND 5th AMENDMENT DUE PROCESS - Witnesses were sent home and not permitted to testify in favor of defendant.

*Procedural Default:*

    Respondent argues that Sales failed to attempt "fair presentation" of these six grounds to the Ohio Supreme Court. The first issue is whether Sales has exhausted his state remedies with respect to these six grounds. See *White v. Mitchell*, 431 F.3d 517, 525 (6th Cir. 2005). Exhaustion of state remedies requires the substance of the federal claims submitted for habeas corpus review to be "fairly presented" to the state's highest court because only in this manner will the state courts be provided with a fair opportunity to pass upon and correct alleged violations of federal rights. See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995); *Baldwin v.Reese*, 541 U.S. 27, 32-34, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Exhaustion also occurs, though, when there is an absence of further state corrective process. See 28 U.S.C. §2254(b)(1)(B)(i); *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1986). Sales had utilized and exhausted his state remedies of direct appeal and state post-conviction review under Ohio Rev. Code §2953.21.

5:05 CV 2716                                                    5

Ohio does permit a second or successive post-conviction petition under limited circumstances (See Ohio Rev. §2953.23(A)).  In Sales' situation, however, state *res judicata* principles prevent Sales from returning to the state courts to litigate these six grounds. "*Res judicata* is applicable to all postconviction relief proceedings.*"  State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233, 1996 - Ohio - 337 (1996).[2]  "Under Ohio law the failure to raise on appeal any claim which appears on the face of the record constitutes a procedural default under the State's doctrine of *res judicata*." *Wong v. Money*, 142 F.3d 313, 321 (6th Cir. 1998).  The claims raised in these six grounds of trial court error concerning suppression of evidence, coercion of witnesses, evidence being presented outside the presence of the jury, denial of medical expert and sending witnesses home, all appeared on the face of the record and thus could have been presented to the state courts. Consequently, state *res judicata* principles prevent Sales from returning to the state courts to litigate these six new arguments. Sales has exhausted his state remedies for purposes of 28 U.S.C. §2254(b).

Sales, however, at no point "fairly presented" these six grounds in the state courts. Some of these grounds have counterparts in the state post-conviction proceeding where overlapping arguments were  presented as examples of deficiencies in trial counsel's performance.  See Journal Entry 10-30-06, Case No. CR 2002-01-0178 (Summit Cty. C.P.). However to be "fairly presented"

---

[2]  As Ohio's Supreme Court explained:
>Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, or on an appeal from that judgment.  (emphasis added).

*State v. Szefcyk*, 77 Ohio St.3d at 95, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 39 O.O.2d 189 (1967) (¶9 of syllabus).

5:05 CV 2716                                                     6

the constitutional claim presented to the federal courts must rest on the same theory as was presented in state court. See *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Pillete v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

Failure to "fairly present" the federal ground to the state's highest court constitutes a procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)( "...the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," but unpresented claims were waived); *Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (14th amendment equal protection claim forfeited following exhaustion of state remedies and failure to raise claim to state courts); and see *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991).[3] The fair presentation principle further applies not only to those situations where the petitioner has failed to raise his claim to the state's highest court for review, but also where it has been presented, "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).

---

[3] "This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims. See *Harris v. Reed*, 489 U.S. 255, 269-270, 109 S.Ct. 1038, 1046-1047, 103 L.Ed.2d 308 (1989) (O'CONNOR, J., concurring); *Teague v. Lane*, 489 U.S. 288, 297-298, 109 S.Ct. 1060, 1067-1068, 103 L.Ed.2d 334 (1989)."
*Coleman v. Thompson,* 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1.

5:05 CV 2716                                              7

This procedural default serves to protect the integrity of the federal exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had the opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. at 1732; see also *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).

Not only is review barred by the federal doctrine as expressed in *O'Sullivan, Teague* and *Edwards*, but it is also a state procedural bar and the failure to present the ground to the state's highest court provides an adequate and independent state procedural rule to bar habeas review. See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* - U.S. -, 126 S.Ct. 355, 163 L.Ed.2d 63 (2005). Thus, with respect to these six grounds there has been a lack of "fair presentation" resulting in procedural default barring federal collateral review.

The Supreme Court has stated that in this situation:

> If petitioner never presented this claim on direct appeal or in state habeas proceedings, federal habeas review of the claim would be barred unless petitioner could demonstrate cause and prejudice for his failure to raise the claim in state proceedings. Supra, at 2080. If the claim was not raised or addressed in federal proceedings, below, our usual practice would be to decline to review it. *Yee v. Escondido*, 503 U.S. 519, 533, 112 S.Ct. 1522, 1531, 118 L.Ed.2d 153 (1992).

5:05 CV 2716                                          8

*Gray v. Netherland,* 518 U.S. 152, 165, 116 S.Ct. 2074, 2082, 135 L.Ed.2d 457  (1996). In this situation, federal collateral review is barred, but Sales may overcome this bar by a demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court. See *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); and see *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).  Alternatively Sales may overcome his procedural default by showing a fundamental miscarriage of justice. See  *House v. Bell*,  -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006).

Presumably, Sales' "cause" would be ineffective assistance of appellate counsel for failing to raise these additional six grounds on direct appeal.  "[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). Sales did raise a naked claim of ineffective assistance of appellate counsel in his fourth proposition of law to the Ohio Supreme Court, without citation to the record or explanation of where the alleged deficient performance occurred.(See Respondent's Ex. 9, Brief p. 3). As shall be explained under the seventh ground, this failed to constitute an independent presentation to the Ohio Supreme Court of this claim, and thus for this purpose also fails to establish "cause" to excuse the procedural default.

In situations where petitioner is unable to show "cause" to excuse a procedural default, the Supreme Court has recognized the escape hatch of  fundamental miscarriage of justice involving an individual who is actually innocent.

5:05 CV 2716                                                               9

> In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S., at 324, 115 S.Ct. 851, the Court has recognized a miscarriage-of-justice exception. " '[I]n appropriate cases,' " the Court has said, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration,'" *Carrier, supra*, at 495, 106 S.Ct. 2639 (quoting *Engle, supra*, at 135, 102 S.Ct. 1558).

*House v. Bell,* - U.S. -, 126 S.Ct. 2064, 2076, 165 L.Ed.2d 1 (2006).

Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Sales appears to claim actual innocence due to suppression of favorable evidence (the arguments presented in his first five grounds). He has not, however, produced new evidence of innocence. See *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). To succeed Sales would have had to either present "new reliable evidence. . . that was not presented at trial" (*Id.*; *Schlup*, 513 U.S. at 324), or at least some demonstration of a fundamentally unjust incarceration, and this would appear to certainly require more than a dispute over credibility. See *House*, at 2077. "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). Sales presents only conclusory and vague statements of favorable evidence. Sales has not shown that his incarceration was fundamentally unjust to overcome his procedural default. Accordingly, there is no "cause" or miscarriage of justice to overcome the procedural bar against federal review of these six new grounds.

*Ground Six - Ineffective Assistance of Trial Counsel:*

5:05 CV 2716                                                    10

Of the remaining two from the original eight grounds, Sales argues in his sixth ground that, "Trial attorney did not subpoena records and documents necessary to form reasonable doubt." (Petition at 6A, ECF #1, pg. 7 of 10). Respondent had argued that the ineffective assistance of trial counsel claims were presented in the state post-conviction petition and that no final order had yet to be issued to enable a state appeal. Eventually the state trial court adjudicated the pending petition for post-conviction review and on October 30, 2006, the trial court journal entry stated:

> On October 1, 2002 Defendant filed a Motion for Post-Conviction Relief. In his Motion, Defendant alleged ineffectiveness of counsel since (1) counsel and/or the private investigator did not provide witnesses, and (2) counsel did not let defendant put on a defense. Defendant submitted a letter written by a private investigator [name withheld] to Defendant's attorney in support of his Motion.

Sales did appeal, but he failed to raise ineffective assistance of counsel claims in that appeal. Instead he argued three assignments of error based on abuse of discretion and trial court error. The result is that Sales has exhausted his state remedies by failing to appeal the denial to the Ohio Supreme Court coupled with a lack of "fair presentation" to the state's highest court, again resulting in a bar to federal collateral review of the sixth ground. . See *Leroy v. Marshall*, 757 F.2d at 99; *Rust v. Zent*, 17 F.3d at 160; *Lordi v. Ishee*, 384 F.3d at 194.

*Ground Seven - Ineffective Assistance of Appellate Counsel:*

In Sales' seventh ground for habeas corpus relief, he argues, "Appeal Attorney did not file meaningful appeal grounds, especially errors indicated by defendant." Presumably the grounds which appellate counsel failed to raise are the issues presented in the petition. Respondent argues

5:05 CV 2716                                    11

that Sales has available to him his Ohio R. App. P. 26(B) delayed application for reopening appeal to raise these claims.  This contention is not firmly grounded.

On direct state appeal, Sales had raised ineffective assistance of appellate counsel as his fourth proposition of law. Respondent urges the court to ignore this fact, but it is significant.  Years ago the Ohio Supreme Court in *State v. Murnahan*, focused on the issue of creating procedures to raise a claim of denial of effective assistance of counsel in an appeal as of right, as set out in *Evitts v. Lucey*, 469 U.S. 387 (1985).  *Id.*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).  The decision in *Murnahan* disapproved of the use of post-conviction procedures that the lower state courts had developed, and held that claims of ineffective assistance of appellate counsel ". . . may be appealed as of right to this court under Section 2(B)(2)(a)(iii) of Article IV of the Ohio Constitution, to be dealt with as prescribed in Section 3(B), Rule II of the Rules of Practice of the Supreme Court of Ohio."  *Id.*, 63 Ohio St.3d at 64, quoting *In re Petition of Brown*, 49 Ohio St.3d 222, 223, 551 N.E.2d 954 (1990). *Murnahan* went on to approve an additional remedy of delayed reconsideration in the court of appeals under Ohio R. App. P. 26, "where the circumstances render the application of *res judicata* unjust."  *Murnahan*, 63 Ohio St.3d at 66.

Consistent with *Murnahan*,  Ohio's Supreme Court has repeatedly approved the application of *res judicata* to bar judicial review of an Ohio R. App. P. 26 application to reopen appeal due to ineffective assistance of appellate counsel, where the claim of ineffective assistance of appellate counsel could have been raised on direct appeal to the Ohio Supreme Court. See *State v. Terrell*, 72 Ohio St.3d 247, 648 N.E.2d 1353 (1995); *State v. Dehler*, 73 Ohio St.3d 307, 652 N.E.2d 987

5:05 CV 2716                                             12

(1995); *State v. Colombo*, 73 Ohio St.3d 306, 652 N.E.2d 987 (1995); *State v. Hill*, 78 Ohio St.3d 174, 677 N.E.2d 337 (1997); *State v. Gillard*, 85 Ohio St.3d 363, 365, 708 N.E.2d 708, 710 (1999), *cert. denied*, 528 U.S. 1024 (1999)(Defendant should have raised his claim of ineffective assistance of appellate counsel in his 1988 cross-appeal to the Ohio Supreme Court). As a result state appellate court review of an application to reopen appeal under Ohio R. App. P. 26(B) is barred when defendant had the prior opportunity to present his claim of ineffective assistance of appellate counsel directly to the Ohio Supreme Court. Considering that Sales claimed ineffective assistance of appellate counsel previously before the Ohio Supreme Court (albeit defectively as respondent points out in the answer), Ohio R. App. P. 26(B) is not now an available state remedy and pursuant to §2254(b) Sales has exhausted his state remedies with respect to his seventh ground.

Respondent "vigorously objects" to viewing the fourth proposition of law presented to the Ohio Supreme Court on direct appeal as a *Murnahan* claim. (See footnote 7 of Answer). Respondent argues that the fourth proposition of law was devoid of any semblance of the requirements under the Ohio Supreme Rules of Practice.

Respondent is correct in pointing out the deficient presentation. The Rules of Practice of the Ohio Supreme Court require that the memorandum in support of jurisdiction, "contain . . .A thorough explanation of why a substantial constitutional question is involved, why the case is of public or great general interest . . . A statement of the case and facts. . . [and] Each proposition of law supported by a brief and concise argument[.]" Ohio S.Ct. Prac. R. III (B)(2)-(4). Sales' brief was deficient in all these requirements. However, there is nothing in state law which would excuse an

5:05 CV 2716                                                            13

initially deficient presentation and permit Sales to have "a second bite of the apple" with an adjudication of an Ohio R. App. P. 26(B) application to reopen appeal to restate this argument with some degree of clarity.

Failure to explain the basis for a claim of ineffective assistance of counsel is reason for its denial.  See *State v. Johnson*, 112 Ohio St.3d 210,. 227, 858 N.E.2d 1144, 1166, 2006- Ohio- 6404 (2006). State courts adjudicate claims of ineffective assistance of  appellate counsel applying the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984), *i.e.*, deficient performance and prejudice. See *State v. Myers*, 102 Ohio St.3d 318, 319, 810 N.E. 2d 436, 438, 2004- Ohio- 3075 (2004); *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697, 1998- Ohio- 704 (1998). Sales had the burden to demonstrate deficient performance by counsel in failing to raise issues on appeal that had a "reasonable probability" of success. *Spivey*, 84 Ohio St.3d at 25. Consequently, there is no reasonable construct of Ohio law that would lead to the conclusion that this ground is unexhausted and to assume that Sales would be permitted  to reopen his state appeal to renew his claim of ineffective assistance of appellate counsel in the state courts.

The Ohio Supreme Court's denial of Sales' request for leave to appeal, though, is as lacking in explanation as Sales' claim of ineffective assistance of appellate counsel. As it stands, the federal district court is confronted with a situation where the last state decision is an unreasoned denial by the Ohio Supreme Court.  That requires this court to resolve what standard of review must be applied when the state court has avoided addressing the federal constitutional claim raised before it.  There are three options: the deferential standard provided under §2254(d); the *de novo* standard,

5:05 CV 2716                                                    14

and the "intermediate approach."  See *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (*de novo*); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001) (discussing alternate standards); *McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th Cir. 2003), *cert. denied*, 540 U.S. 1158 (2004) (same); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1032 (2006) (same).  The gist of circuit precedent is that when there is a decision, deference is accorded under §2254(d) to the state court decision under the "intermediate approach." *Maldonado v. Wilson*, 416 F.3d 470, 476, *cert. denied*, 546 U.S. 1101 (2006) (6th Cir. 2005); *Howard*, 405 F.3d at 467.  When there is no decision or "no results," federal review is *de novo*.  See *Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542 (*de novo* when there was no state court decision on second prong of *Strickland* test).   When the state court has failed to articulate a decision or provide a rationale, the district court must distinguish between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard*, 405 F.3d at 467; *McKenzie*, 326 F.3d at 727.  As illustrated in *McKenzie*, the "no reasoning" situation occurs when the state court has issued a summary order, which fails to explain its reasoning, as opposed to the situation where no state court has "directly addressed the specific issue."   The Ohio Supreme Court's dismissal equates with an unreasoned disposition requiring "intermediate review." [4]

---

[4] "Where, however, the state court disposes of a constitutional claim but fails to articulate its analysis, the rule is less clear. The Petitioner argues that because the state courts did not articulate their reasoning for denying the due process claim, the federal court should review the constitutional claims de novo. The Respondent argues that the state court's result remains entitled to deferential review.

We have taken *an intermediate approach-in between de novo review and complete deference*. We have held that a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999)).

The independent review, however, is not a full, de novo review of the claims. Id. As we held in Harris, the review

5:05 CV 2716                                            15

Applying the deferential approach, it is clear that Sales cannot establish that the denial of his ineffective assistance of appellate counsel claim violated the strictures of 28 U.S.C. §2254(d). As shown by the overview of state law on this issue, Ohio applies federal standards to this claim and denial of a naked claim of ineffective assistance of appellate counsel would neither be "contrary to" nor an "unreasonable application" of clearly established Federal law, as determined by the Supreme Court of the United States.

Sales argues that appellate counsel omitted arguments which Sales believes would have won his freedom. What Sales is requesting is federal review of his new arguments, which he has presented only before this court and not in the state courts.  Sales apparently has some fantasy that these new claims will enable his release from state detention.  Sales is very incorrect. Lifting the bar to federal review and for purposes of *dicta* only, since this discussion has no bearing on Sales's application for federal habeas relief under 28 U.S.C. §2254, as explained in *Joshua v. DeWitt*:

> A defendant is entitled to effective assistance of counsel in connection with a defendant's first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Yet, appellate counsel need not raise every nonfrivolous argument on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). To be sure, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S, 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting *Jones*, 463 U.S. at 751-52, 103

---

remains deferential, because the court cannot grant relief unless the state court's result contradicts the strictures of AEDPA. Id.  (emphasis supplied)."

*Howard v. Bouchard*, 405 F.3d at 467-468.

5:05 CV 2716                                16

> S.Ct. 3308).  Appellate counsel, however, is required to exercise reasonable professional judgment.  *Jones*, 463 U.S. at 753, 103 S.Ct. 3308. Nevertheless, "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

*Id.*, 341 F.3d 430, 441 (6th Cir. 2003).

On direct appeal, Sales had challenged his conviction contending that it was against the manifest weight of the evidence.  The facts related by the state appellate court were as follows:

> {¶ 11} Appellant argues that the victim had several inconsistencies in her testimony and that the other witnesses were not able to corroborate the victim's testimony in its entirety; therefore, the jury clearly lost its way when it found appellant guilty of rape. Although appellant points out inconsistencies in the victim's memory of details, such as whether or not she had shoes on during the rape or whether or not appellant actually talked to her boyfriend on the phone at her home before the rape occurred, this Court refuses to overturn the verdict because the jury believed the victim. It is well settled that "when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Gilliam* (Aug. 12, 1998), 9th Dist. No. 97CA006757.
>
> {¶ 12} R.C. 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." The victim testified that appellant kept punching and slapping her face and head, and grabbed her neck and was choking her in her home. She testified that he stopped beating her and then asked her to have sex with him. She testified that she told appellant no, but that he ordered her to take her pants down and in fear for her life she did what appellant ordered. The victim testified that appellant inserted his penis into her and raped her by the front door of her home. When she was asked why she "let that occur", the victim stated, "I wanted to comply with whatever he was saying because I was in fear of my life."
>
> {¶ 13} In addition to the victim's testimony, Officer Hamidi testified that he observed the victim hysterical and crying, with physical injuries to her

5:05 CV 2716                                                   17

>face, specifically swelling and scratches to her eye and lip areas. Ms. Bunnell, the forensic nurse who examined the victim at the hospital the night of the incident, testified extensively about the physical injuries the victim sustained from appellant. Furthermore, the trial court instructed the jury to regard the following stipulation between the parties as conclusively proven evidence in the case:
>
> *3 {¶ 14} "The State submitted the rape protocol kit of the victim to the Ohio Bureau of Criminal Identification. Semen was found on the vaginal swab taken from the victim. The DNA from the semen was compared to the DNA from the blood sample taken from the defendant. The DNA from the semen found on the victim was consistent with the DNA from the defendant's blood."
>
> *State v. Sales,* 2003 WL 1524616, *2-3.

As the state decision found, there was confirmation of sexual intercourse, claim of force by the victim, and corroboration of force by evidence of physical injury and hysterical behavior. In short the evidence overwhelmingly demonstrated Sales guilt in the commission of rape under Ohio Rev. Code §2907.02(A)(2).

Sales nonetheless maintains that there were witnesses which would challenge the victim's credibility and he speculates that a second medical opinion on DNA testing would exonerate him. Given the evidence of record contrasted to Sales arguments, it is readily apparent that Sales presents mere fantasy and no argument put forth by appellate counsel could have resulted in the overturning Sales rape and assault convictions. Noteworthy among Sales claims is that the statement he made was "suppressed" by the police. (See Ground One). Sales certainly could have rectified this problem by testifying at his own trial, but he chose not to do

5:05 CV 2716                                    18

so. In any event his claim of ineffective assistant of appellate counsel for failure to appeal the "errors indicated by defendant" is plainly meritless.

## *CONCLUSION AND RECOMMENDATION*

Following review of the arguments raised in the petition and applicable law, Rodney Lee Sales has not demonstrated that he was in custody pursuant to state court judgment that resulted from a decision that was contrary to or involved in an unreasonable application of federal law as determined by the Supreme Court of the United States, or is the result of a decision based on unreasonable interpretation of the facts in light of the evidence in this state court proceeding. See 28 U.S.C. §2254(d)(1) and (2). Moreover, Sales has shown no error resulting in denial of fundamental fairness or actual innocence of the petitioner. Finally, there has been no demonstrated need for an evidentiary hearing and the petition for habeas corpus relief under 28 U.S.C. §2254 should be denied and dismissed.

                                                                                         s/James S. Gallas
                                                               United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: November 16, 2007